UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOUGLAS D. SMITH,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-216-JD-JEM

NANCY MARTHAKIS, et al.,

    Defendant.

OPINION AND ORDER

Douglas D. Smith, a prisoner without a lawyer, is proceeding in this case against Nurse Brenda Suber, Dr. Nancy Marthakis, Nurse Practitioner Kim Pflughaupt, and Nurse Practitioner Karen Fagan "in their individual capacities for money damages for denying him medication to adequately manage his pain from Reflex Sympathetic Dystrophy [RSD] in violation of the Eighth Amendment[.]" ECF 6 at 10.[1] Specifically, Smith alleged in his complaint that: (1) Nurse Suber refused to provide his prescribed Gabapentin in December 2022 (ECF 1 at 6-8); (2) Dr. Marthakis discontinued his Gabapentin between December 2022 and January 2023, and failed to replace it with a new medication (*Id.* at 8-9); (3) he filed grievances about the discontinuation of his medication in January 2023 (*Id.* at 10-15); (4) Nurse Pflughaupt inappropriately provided him Cymbalta for his RSD during an appointment on February 17, 2023 (*Id.* at 15-19); and (5) Nurse Fagan inappropriately provided him Cymbalta for his RSD during an appointment on February 27, 2023 (*Id.* at 19-21). Nurse Fagan and Nurse Pflughaupt

---

[1] Smith is also proceeding against Warden Ron Neal for injunctive relief to obtain "constitutionally adequate medical care to address the pain from [RSD.]" ECF 6 at 10. Warden Neal has not moved for summary judgment.

filed a motion for summary judgment, arguing Smith did not exhaust his claims against them before filing this lawsuit. ECF 28.[2] Smith filed a response, and the defendants filed a reply. ECF 41, 42, 46. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

---

[2] Dr. Marthakis and Nurse Suber have not moved for summary judgment.

2

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Here, both parties agree Smith fully exhausted two grievances related to his claim he was denied medication for his RSD. Specifically, Smith filed Grievance 149788 on January 6, 2023, and filed Grievance 150410 on January 11, 2023, both complaining Dr. Marthakis discontinued his Gabapentin without providing an adequate substitute. ECF 29-1 at 32, 45. The grievance office denied both grievances, and Smith fully exhausted each grievance by submitting Level I and Level II appeals. *Id.* at 20-49.

Nurse Fagan and Nurse Pflughaupt argue Smith did not exhaust his claims against them because he submitted both his grievances in January 2023, and they did not become involved in his treatment until February 2023. ECF 45 at 14-15. Specifically, they note Smith alleged in his complaint he first saw Nurse Pflughaupt in response to his RSD in mid-February 2023, and first saw Nurse Fagan in late February 2023. *Id.* They argue that, because Smith filed his January 2023 grievances before any of their alleged conduct took place, he cannot rely on his January 2023 grievances to exhaust his claims against them. *Id.* In his response, Smith does not dispute his claims against

3

Nurse Fagan and Nurse Pflughaupt first arose in February 2023. ECF 41. Nevertheless, he argues he can rely on his January 2023 grievances to exhaust these claims because the denial of his medication was an "ongoing issue." *Id.* at 20-27.

The Seventh Circuit has held that an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). Here, because it is undisputed Smith's claims against Nurse Pflughaupt and Nurse Fagan arose in February 2023, it is clear they were not the targets of his January 2023 grievances. *See id.* Rather, Smith's January 2023 grievances complained only of Dr. Marthakis' decision to discontinue his Gabapentin, and made no mention of any nurse providing inappropriate medications. ECF 29-1 at 32, 45. While the denial of Smith's medications may have been an "ongoing issue," it is undisputed Nurse Pflughaupt and Nurse Fagan did not become involved in that issue until February 2023. Therefore, Smith cannot rely on his January 2023 grievances to exhaust his claims that Nurse Pflughaupt and Nurse Fagan inappropriately provided him Cymbalta in February 2023. *See King*, 63 F.4th at 608; *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint"); *Phelps v. Neal*, No. 1:19-CV-643, 2020 WL 4284798, at *1-2 (N.D. Ind. July 27, 2020) (concluding an inmate's grievance complaining about a mouse infestation in his cell and requesting medical treatment did not put the prison on notice to his claim a nurse later denied him treatment for a mouse bite).

Accordingly, the undisputed facts show Smith did not exhaust any grievance related to his claims against Nurse Pflughaupt and Nurse Fagan. Summary judgment is therefore warranted in their favor.

For these reasons, the court:

(1) GRANTS Nurse Pflughaupt and Nurse Fagan's motion for summary judgment (ECF 28);

(2) DISMISSES Nurse Pflughaupt and Nurse Fagan from this action; and

(3) REMINDS the parties this case is now proceeding only on Smith's remaining claims:

- a. against Nurse Brenda Suber and Dr. Nancy Marthakis in their individual capacities for money damages for denying him medication to adequately manage his pain from Reflex Sympathetic Dystrophy in violation of the Eighth Amendment; and
- b. against Warden Ron Neal in his official capacity to obtain constitutionally adequate medical care to address the pain from Reflex Sympathetic Dystrophy.

SO ORDERED on February 14, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT